UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG STEVEN NICHOLS, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-CV-00529 RHH |
| ST. LOUIS COUNTY, et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is the motion of Craig Nichols, Jr., for leave to proceed in forma pauperis in this civil action. [ECF No. 3]. The Court has reviewed the motion, and the financial information provided therein, and will grant the motion. The Court has also reviewed the complaint and has determined that it is legally frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for counsel will be denied as moot. [ECF No. 2].

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Craig Nichols, Jr., filed the instant action pursuant to 42 U.S.C. § 1983 against St. Louis County and three St. Louis County Police Officers: Douglas Rudman, Unknown Bryant and Unknown Kirksey. He fails to indicate if he is suing defendants in their official or individual

capacities. As plaintiff is seeking punitive damages in this case, the Court presumes he is suing the defendants in their individual capacities.[1]

Plaintiff claims that his civil rights were violated when Officer Bryant pulled him over, arrested him and towed his car on December 11, 2024, in St. Louis County. Plaintiff asserts that at the time he was pulled over, defendant Bryant failed to verify that he had a valid warrant for his arrest before acting against him. Therefore, plaintiff believes he was subject to unlawful imprisonment and false arrest. Plaintiff fails to make any allegations in his complaint against defendants Rudman and Kirksey.

Plaintiff seeks compensatory and punitive damages in this action.

## Discussion

Plaintiff can be understood to claim that he was arrested, and his car was impounded, in violation of his Fourth and Fourteenth Amendment rights on December 11, 2024. He has attached to his complaint evidence that at the time he was pulled over by Officer Bryant on December 11, 2024, he had four outstanding warrants for his arrest for failure to appear in St. Louis County Court, for Court dates that were scheduled for August 12, 2024. [ECF No. 1-3, pp. 13-16].

A review of Missouri Case.Net[2] shows that plaintiff was additionally cited by Officer Bryant on December 11, 2024, for moving violations when he was pulled over on that date. *See*

---

[1] Where a complaint does not specify capacity for a defendant, the Court must examine the course of proceedings to determine whether the action is brought against that defendant in an individual or official capacity. *S.A.A. v. Geisler*, No. 23-3119, 2025 WL 426999, at *2-4 (8th Cir. Feb. 7, 2025). In doing so, the Court may consider various factors, including whether the plaintiff seeks punitive damages and whether the defendant has raised a qualified immunity defense. *Id.* No single factor is dispositive. *Id.* The fundamental question is whether the defendant is on notice that he is being sued in his individual capacity and that his personal liability is at stake. *Id.* In this case, plaintiff asserts that he is seeking punitive damages, and defendants have not yet entered the case. The Court therefore presumes that plaintiff is suing defendants in their individual capacities.

[2] Case.net is Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that

*St. Louis County v. Nichols*, No. 240732014 (21st Jud. Cir., St. Louis County Court) (driving while revoked); *St. Louis County v. Nichols*, No. 240732013 (21st Jud. Cir., St. Louis County Court (exceeded posted speed limit – 20-25 miles over); *St. Louis County v. Nichols*, No. 240732016 (21st Jud. Cir., St. Louis County Court (driving with expired plates); *St. Louis County v. Nichols*, No. 240732016 (21st Jud. Cir., St. Louis County Court) (driving without insurance).

Although plaintiff states that Officer Bryant "failed to verify" to see if the arrest warrants were valid prior to arresting him and taking him into custody, the Court notes that plaintiff, himself, has produced evidence that he had arrest warrants on that date, as he has appended them to his complaint. [ECF No. 1-3, pp. 13-16].

Furthermore, a review of Missouri Case.Net indicates that on July 15, 2024, plaintiff received four citations from Officer Bryant for moving violations as set forth below. *See St. Louis County v. Nichols*, No. 220480262 (21st Jud. Cir., St. Louis County Court); *St. Louis County v. Nichols*, No. 220480261 (21st Jud. Cir., St. Louis County); *St. Louis County v. Nichols*, No. 220480264 (21st Jud. Cir., St. Louis County); and *St. Louis County v. Nichols*, No. 220480263 (21st Jud. Cir., St. Louis County).

On August 12, 2024, an Information was filed in four separate cases in St. Louis County Court relative to the July 15, 2024, citations. See *St. Louis County v. Nichols*, Nos. 220480261-220480264 (21st Jud. Cir., St. Louis County Court) charging plaintiff with the following: (1) operating a motor vehicle without properly equipped bumpers; (2) the display of expired license plates on his trailer; (3) operating a motor vehicle without insurance; and (4) driving a motor vehicle with a revoked or suspended license. Plaintiff failed to appear at the court dates on

---

courts "may take judicial notice of judicial opinions and public records"); and *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may consider them on a motion to dismiss").

4

September 3, 2024, and he again failed to appear at hearings for each matter set for October 8, 2024. Thus, four separate warrants were issued for his arrest on October 16, 2024.

"Under the Fourth Amendment, a person has a right to be secure in his person and warrants may not issue but upon probable cause." *Ross v. City of Jackson, Mo.,* 897 F.3d 916, 920 (8th Cir. 2018). "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). However, a false arrest claim under 42 U.S.C. § 1983 "fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 758 (8th Cir. 2001). Because there were warrants issued for plaintiff's arrest due to his failure to appear for four separate court hearings in St. Louis County Court relative to his July 15, 2024, citations, Officer Bryant had probable cause to arrest plaintiff and have his car towed on December 11, 2024. Accordingly, plaintiff's false arrest and false imprisonment claims against Officer Bryant are subject to dismissal.

Additionally, plaintiff's claims against Officers Rudman and Kirksey are also subject to dismissal, as plaintiff has failed to make any allegations against these defendants in the complaint. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged

5

deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Plaintiff has not made any allegations against the other defendants named in this action, Officers Rudman or Kirksey. Thus, plaintiff's allegations against these defendants are subject to dismissal.

Last, plaintiff's allegations against St. Louis County are subject to dismissal because the complaint contains no allegations that sufficiently state a plausible municipal liability claim. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978); *Marsh v. Phelps Cty.,* 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal liability "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

For the foregoing reasons, the Court finds the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE